508

402 A.2d 553

Francis Jordan RITCH, Appellant,

v.

Celestine Jones RITCH.

Superior Court of Pennsylvania.

Submitted Sept. 12, 1978.

Decided April 27, 1979.

Allen M. Metzger, Philadelphia, for appellant.

Walter Walkenhorst, III, Philadelphia, for appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

VAN der VOORT, Judge:

This is a complaint by a husband asking for a divorce from his wife. The master took testimony and recommended a divorce on the ground of indignities. Judge Rosenberg sustained defendant's exceptions to the Master's Report and dismissed the complaint. Plaintiff petitioned for "Reconsideration and/or Resubmission to Master" to take additional testimony and this was denied.

Plaintiff has taken the present appeal.

We have reviewed the testimony (as is our duty), the Master's Report, and Judge Rosenberg's opinion, and reverse and remand with instructions to grant the divorce a. v. m.

Like many contested divorce cases, this is a difficult case to evaluate, but we are persuaded that the plaintiff has carried his burden, in all the circumstances, of proving indignities to his person rendering his condition intolerable and his life burdensome.

The parties were married on July 20, 1959. They separated thirteen months later, and neither has made any serious effort in the ensuing 16 or 17 years to restore marital relations. There are no children of this marriage.

The husband was 34 when he married; this was his first marriage.

The wife was 38 when they married; for her this was a second marriage. She obtained a divorce from Henry W. White on September 16, 1957.

Plaintiff and defendant lived immediately after their marriage in defendant's home with her two children by her first marriage.

The husband was his only witness before the Master. The wife and her two children testified in her behalf.

A reading of the typed transcript of testimony of the witnesses gives the impression that husband and wife were giving, as each remembered and interpreted it, their own version of the facts.[1]

Where there were unresolved conflicts between their testimonies, we have accepted the husband's as more credible, because the Master so found. Obviously, neither we nor the lower court were as favorably positioned to evaluate credibility of the parties as was the Master. See *Schrock v. Schrock*, 241 Pa.Super. 53, 359 A.2d 435 (1975).

Judge Rosenberg's opinion (page 4) states that after reviewing the testimony ". . . plaintiff's uncorroborated allegations fall short of the burden of proof required by law to sustain the granting of a divorce", and that plaintiff's case "was dealt a felling blow by the testimony of defendant and her witnesses."

We reach a different conclusion.

Plaintiff testified that defendant's first husband was frequently present in plaintiff's home, over plaintiff's objection, with complete freedom of the house; that his wife was referred to by occupants of the house as "Mrs. White", and that defendant encouraged this; that defendant complained about him, without justification, to his father; that on one occasion, without his foreknowledge or approval, defendant phoned his superior at work about his job; that defendant often called him vilifying names; told him she "hated his guts" and was sorry she ever married him; that defendant spoke often of a man called "Shag" whom she had known before marriage and some of whose clothes she kept in the home; that defendant accused him falsely of infidelity; that defendant, just before the separation, pointed a "little pearl gun" at him and threatened to kill him; and that he lost approximately thirty pounds in weight during the 13 months

1. The testimony of the wife's two children seems not particularly significant; each denied any knowledge of name-calling by defendant or other vilification, and each was an eyewitness to one altercation in the kitchen between plaintiff and defendant.

they lived together and has regained that weight after the separation.[2]

A precedent for our action in this case is *Barton v. Barton,* 248 Pa.Super. 278, 375 A.2d 96 (1977), where Judge Hoffman says (248 Pa.Super. page 282, 375 A.2d page 98):

"Viewing the evidence presented at the hearing and credited by the master, we find that a grant of the divorce is proper. While our appellate courts have been reluctant to formulate a general definition of what constitutes "indignities," we have noted that indignities may consist of vulgarities, unmerited reproach, habitual contumely, studied neglect, intentional incivility, manifest disdain, abusive language, or malignant ridicule . . ."

Reversed and remanded so that an order granting a divorce a. v. m. in appellant's favor may be entered.

2. Both parties testified as to a quarrel between them after their separation, when plaintiff returned to the house to obtain his overcoat. Plaintiff was arrested because of this quarrel and pleaded guilty to simple assault and battery.